JOHNSON *v.* PEDICORD.
[No. 15,438.  Filed October 11, 1937.  Rehearing denied
January 27, 1938.  Transfer denied March 22, 1938.]

*Montgomery & Montgomery* and *Robert D. Markel,* for appellant.

*Thomas H. Branaman,* for appellee.

KIME, J.—The second amended complaint in one paragraph herein is upon the theory that the appellee received her injuries by reason of an accident caused by the appellant's reckless disregard of appellee's rights as a guest while riding in an automobile driven by appellant. This complaint was based upon what has come to be known as the guest act (Acts of 1929, ch. 201, p. 679, being §47-1021 Burns 1933, §11265 Baldwin's 1934), to which complaint appellant addressed a demurrer which was overruled. Thereafter a general denial was filed and the cause proceeded to trial before a

jury. The jury returned a verdict in favor of the appellee and judgment in the sum of $3,000.00 was rendered thereon. Following the overruling of a motion for new trial, on the grounds that the verdict was not sustained by sufficient evidence, that it was contrary to law, and that the court erred in giving and refusing to give certain instructions, this appeal was perfected, assigning as error the overruling of the motion for new trial and that the court erred in overruling the demurrer.

The record discloses that the case was tried upon the theory that this was an action under the guest statute. This court has in numerous cases discussed and construed the above statute and the rules therein laid down are, almost conclusively, determinative of the questions presented here. The case of *Coconower* v. *Stoddard* (1932), 96 Ind. App. 287, 182 N. E. 466, was available to and used by counsel for both parties and the court in the trial of this case. Since that time the cases of *Armstrong* v. *Binzer* (1936), 102 Ind. App. 497, 199 N. E. 863; *Hoeppner et al.* v. *Saltzgaber et al.* (1936), 102 Ind. App. 458, 200 N. E. 458; *Kranning* v. *Taggart* (1936), 103 Ind. App. 62, 1 N. E. (2d) 689; and *Hettmansperger* v. *Hettmansperger* (1937), 103 Ind. App. 632, 5 N. E. (2d) 685, have been decided following, with approval, the original doctrine laid down in the *Coconower* v. *Stoddard* case, *supra*.

There is no necessity in the instant case to restate the rules of law as announced in the cases interpreting this statute. In accord with the law announced in these cases the instructions given in the instant case and those refused to be given, of which the appellant complains, were properly given and as properly refused, as the case may be.

The appellants assign that the court erred in overruling the demurrer raising the question as to whether or not the complaint was proper under the guest act.

Under the cases above cited the complaint was sufficient under this act. All cases, *supra*.

The appellant complains of the use of the term "simple" negligence, in an instruction given. "Simple" is a synonym of "mere" and what we said in the case of *Armstrong* v. *Binzer*, *supra*, relative to an instruction using "mere" negligence is applicable here and the giving of the instruction was not error.

Appellant also, in his points raised by instructions refused by the court, contends that the appellee "assumed the risk" of the danger created by the reckless disregard by the appellant of the appellee's rights. Our interpretation of this is that the appellant contends that the conduct of the appellee might have been such that there could have been no liability on the part of the appellant under the circumstances as disclosed by the evidence here. The evidence disclosed that the appellee was the guest of the appellant and was riding upon the fender of a farm truck. The appellant says that despite numerous warnings, pleas and entreaties on his part the appellee continued to ride in this position. As to whether she heard the appellant order, direct or ask her to ride elsewhere than on the fender the evidence is conflicting. While it might be said that the conduct of the appellee was such that it contributed to her injury yet it can not be said, under the issue tendered, that such conduct would relieve the appellant of a reckless disregard of her rights. There was no error committed in giving or refusing to give any of the instructions herein complained of.

Finding no reversible error, the judgment of the Scott Circuit Court is affirmed.