Jamise (Miller) STEPHENSON, Administratrix of the Estate of David Miller, Appellant (Plaintiff Below),

v.

Gary LEDBETTER, Appellee (Defendant Below).

No. 49S04–9208–CV–607.

Supreme Court of Indiana.

Aug. 6, 1992.

George Clyde Gray, Steven R. Fox, Gray Robinson Eckert & Ryan, Indianapolis, for appellant.

Edward R. Hannon, Douglas A. Tresslar, Harrison & Moberly, Indianapolis, for appellee.

SHEPARD, Chief Justice.

The estate of David Miller seeks compensation from Gary Ledbetter, who was driving his friends home from a night of drinking and entertainment when Miller fell out of the back of the truck and died. We grant transfer to explore the nature of the duty which a driver owes to an intoxicated passenger.

The trial court granted summary judgment for the driver, appellee Ledbetter. The Court of Appeals reversed and remanded for a trial. *Stephenson v. Ledbetter* (1991), Ind.App., 575 N.E.2d 1035. We affirm the trial court.

## I. Facts and Case History

Many of the facts are undisputed. David Miller died after a night at the Marion County Fairgrounds, where he spent the evening drinking and watching a demolition derby with four friends. The five men had been drinking beer, each drinking somewhere in the range of four to eight beers in four to five hours. Miller drank as much as or more than Ledbetter. The estate cites evidence that describes Miller as "consuming two beers for every one the rest of them had." Appellant's Brief at 5.

Ledbetter drove the group to and from the Fairgrounds that evening. Two passengers rode in the cab of his pickup truck, and two passengers, including Miller, rode in the back of the truck. On the way home, Miller was sitting on the side rail of the truck, at times leaning toward the driver's window to talk to Ledbetter. Without any warning, Miller fell from the truck and suffered fatal head injuries. Ledbetter and all three other passengers, including the one riding in the back of the truck, said that in the moments preceding Miller's fall Ledbetter was driving thirty-five to forty-five miles per hour in a forty m.p.h. zone and did not do anything that would have caused Miller to fall. Ledbetter was given a breathalyzer test at the scene of the

accident; it revealed a blood alcohol content of .01%.

Appellant Jamise (Miller) Stephenson, Miller's wife, brought this negligence action against Ledbetter seeking actual and punitive damages. In granting Ledbetter's motion for summary judgment, the trial court held that Ledbetter had no legal duty to protect Miller from hurting himself as he rode in the back of Ledbetter's truck. The Court of Appeals reversed and remanded for trial, concluding Ledbetter had a duty to use reasonable care for Miller's safety and that whether he exercised such care under the circumstances was a question of fact in genuine dispute.

## II.  Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). The burden is on the moving party to prove there are no genuine issues of material fact and he is entitled to judgment as a matter of law. Once the movant has sustained this burden, the opponent must respond by setting forth specific facts showing a genuine issue for trial; he may not simply rest on the allegations of his pleadings. T.R. 56(E).

The trial court's decision on a motion for summary judgment enters the process of appellate review clothed with a presumption of validity. The party appealing from the grant of summary judgment must persuade the appellate tribunal that the judgment was erroneous. The reviewing court faces the same issues that were before the trial court and follows the same process. *Department of Revenue v. Caylor–Nickel Clinic* (1992), Ind., 587 N.E.2d 1311. The trial court determination must be "carefully scrutinized on appeal" to assure that the non-prevailing party is not improperly prevented from having his day in court. *Id.* at 1313; *Ayres v. Indian Heights Vol. Fire Dept.* (1986), Ind., 493 N.E.2d 1229. We are not limited to reviewing the trial court's reasons for granting summary judgment, but will affirm a grant of summary judgment if it is sustainable on any

theory or basis found in the record. *Havert v. Caldwell* (1983), Ind., 452 N.E.2d 154. Summary judgment is rarely a proper method of disposition in actions based upon negligence claims. *Stapinski v. Walsh Const. Co.* (1979), 272 Ind. 6, 395 N.E.2d 1251.

Stephenson's action against Ledbetter is a negligence claim. To recover on a theory of negligence, the plaintiff must establish: 1) a duty on the part of the defendant to conform his conduct to a standard of care arising from his relationship with the plaintiff; 2) a failure of the defendant to conform his conduct to the requisite standard of care; and 3) an injury to the plaintiff proximately caused by the breach. *Miller v. Griesel* (1974), 261 Ind. 604, 308 N.E.2d 701. Absent a duty, there can be no breach and no recovery under a negligence theory. Thus, whether a duty exists is the first question which must be answered. *See, e.g., Clyde E. Williams & Assoc. v. Boatman* (1978), 176 Ind.App. 430, 375 N.E.2d 1138.

## III.  Is There a Duty?

■ Whether a defendant owes a duty of care to a plaintiff is a question of law for the court to decide. *See, e.g., Webb v. Jarvis* (1991), Ind., 575 N.E.2d 992, 995 ("Whether the law recognizes any obligation on the part of a particular defendant to conform his conduct to a certain standard for the benefit of the plaintiff is a question of law."); *Gariup Const. Co. v. Foster* (1988), Ind., 519 N.E.2d 1224, 1228 ("It is the exclusive province of the court to determine whether the relation existing between the parties gives rise to a duty to exercise care.").

The estate argues that an automobile driver owes his passenger a duty of reasonable care under the circumstances, and that whether Ledbetter breached his duty by continuing to drive while Miller was sitting in a dangerous position in the truck is a question of fact for the jury to decide. Ledbetter maintains the driver of a motor vehicle who commits no act of malfeasance owes no duty to protect or rescue a compe-

tent adult passenger who has placed himself in a position of peril.

Like the Court of Appeals, we conclude that Ledbetter owed a duty of reasonable care to his passengers. In Indiana courts, the common law view has been that the operator of an automobile owes to a passenger the duty of exercising reasonable care in its operation. *Munson v. Rupker* (1925), 96 Ind.App. 15, 148 N.E. 169. This rule has generally prevailed in the rest of the country. *See* 5 *Blashfield Automobile Law and Practice* § 211.1 (Frederick D. Lewis ed., 3 ed., 1966). In 1929, the Indiana General Assembly altered our common law rule by enacting a guest statute which prohibited motor vehicle guests from recovering for injuries from the owner or operator unless the owner acted intentionally or with reckless disregard of the rights of others.[1] In 1984, the legislature amended the guest statute. It now prohibits recovery by immediate family or hitchhikers, absent wanton or willful misconduct.[2] The statute is silent as to other guests. Thus we think that the common law rule recited in *Munson*, the rule which prevailed until 1929, is applicable to guests once again.[3]

### IV. Duty Not Breached

■ Concluding Ledbetter owed a duty of reasonable care to Miller does not end our inquiry. To defeat a motion for summary judgment, there must be some evidence that Ledbetter failed to conform his conduct to the required standard of care, i.e., that he breached his duty to Miller. Whether a particular act or omission is a breach of a duty is generally a question of fact. It can be a question of law, however, when the facts are undisputed and only a single inference can be drawn from the facts. *See, e.g., Gamble v. Lewis* (1949), 227 Ind. 455, 85 N.E.2d 629.

The estate contends that Ledbetter's duty to operate the truck in a reasonable manner also includes an obligation to prevent a competent adult passenger from sitting in a precarious position in the auto. The Court of Appeals concluded that whether Ledbetter exercised reasonable care for Miller's safety in these circumstances was a question of fact. We disagree, and hold that the failure of Ledbetter to prevent Miller from sitting on the side rail of the truck was not a breach of his duty to Miller.

There is no evidence that Ledbetter was driving in an unsafe manner with respect to Miller or the other passengers. There is no allegation that Ledbetter was driving too fast for the road or weather conditions, that he was swerving, that he stopped suddenly, or any other allegation of unreasonable operation of his truck. The estate offers no evidence to demonstrate Ledbetter gratuitously assumed any extra duties to Miller. The only wrong he is alleged to have committed was his failure to stop or slow the truck and compel Miller, a competent adult passenger, to sit in a safer position in the truck. We cannot conclude that his failure to do so was a breach of his duty to operate the truck with reasonable care.

■ Passengers in automobiles are, after all, under the duty to use reasonable care to avoid injuring themselves. *Lindley v. Sink* (1940), 218 Ind. 1, 30 N.E.2d 456. Simply because a person is a passenger does not mean he is absolved from all personal responsibility for his own safety. Similarly, a passenger's intoxication generally does not place on the driver a special duty of care to that passenger in addition to what would be owed to sober passengers. "Intoxication of a passenger is no excuse for failure to exercise that degree of care for his own safety that a reasonable, prudent man would have exercised under the same or like circumstances. He

---

1. Indiana Acts 1929, ch. 201, § 1. This statute was amended in 1937 to provide the owner or operator would be liable for loss or damage arising only from the wanton or wilful misconduct of the operator. Indiana Acts 1937, ch. 259, § 1.

2. P.L. 68–1984, § 2. The guest statute is now found at Ind.Code §§ 34–4–39–1 to –4 (West. Supp.1991).

3. Miller was not a member of Ledbetter's immediate family or a hitchhiker; thus, the guest statute does not apply to him.

is held to use the same degree of care as a sober person." *Colaw v. Nicholson* (1983), Ind.App., 450 N.E.2d 1023, 1026. *Cf. Forrest v. Gilley* (1991), Ind.App., 570 N.E.2d 934, 937, *trans. denied* (1992) ("[A] plaintiff's voluntary intoxication [does] not place a special duty of care towards that plaintiff on another party who does not furnish alcohol to the plaintiff.").

■ Thus, although drivers owe a duty of care to their passengers, the duty does not make the driver solely responsible for the passengers' safety and does not excuse passengers from exercising care for their own safety. A driver cannot be an insurer of his passenger's safety simply because the passenger is not using reasonable care to avoid injuring himself. This is especially true when viewed in the light of the social policy of encouraging "designated drivers" to drive intoxicated passengers.[4] While Ledbetter may not have been a "designated driver" in the strict sense of the term because he had been drinking, he stated he limited his drinking that evening because he was driving. To hold a driver liable for the irresponsible actions of an intoxicated passenger would cut against this important social policy of encouraging the use of designated drivers. The material facts are undisputed, and the only inference to be drawn from these facts is that Ledbetter did nothing in the operation of his truck which would be a breach of his duty to Miller. Ledbetter is entitled to judgment as a matter of law.

We grant transfer, vacate the opinion of the Court of Appeals, and affirm the trial court's grant of summary judgment in Ledbetter's favor.

GIVAN, DICKSON, and KRAHULIK, JJ., concur.

DeBRULER, J., dissents with separate opinion.

---

**4.** *See Duran v. City of Douglas,* 904 F.2d 1372, 1377 n. 3 (9th Cir.1990) ("[I]t is a widely-accepted safety technique to have one person in the group remain sober as the 'designated driver' precisely so that others can drink without having to worry about driving home safely.") Alco-

DeBRULER, Justice, dissenting.

This was a 1973 Chevrolet half-ton pickup truck with an open bed. It was owned by defendant Ledbetter who was an auto mechanic by trade. All had been drinking beer during this evening out. Ledbetter knew that plaintiff's decedent Miller drank two beers for his one. Ledbetter was driving, and Reiva and Kysar were seated next to him in the cab. Miller was in the bed of the truck with Harsh. Miller sat on the rail along the left side of the bed, leaning so far out and around that his head and shoulder could be seen through the driver's side window of the cab by Kysar as Miller carried on a conversation with Ledbetter. Ledbetter did not warn Miller about leaning out in this manner, believing that he had a good enough grip to hang on and could handle himself. Travelling 45 miles per hour, the truck reached a small rise in the road, where Miller fell out and sustained fatal injuries.

The relationship between the parties here is one of truck driver and live human cargo. A truck is a tool. The cab of a truck is for the driver and passengers. The bed of a truck is for transporting cargo. The rear suspension and tires are very firm. The jarring effect from passing over bumps in the road is transferred perfectly to the rigid floor and sides of the bed and to the cargo. The ability of the driver to communicate with persons in the bed is severely restricted. Persons occupying an open bed while moving down the street are in a hazardous position. The driver of a truck knows all this; a guest choosing to sit in the bed, particularly a child or intoxicated person, may know very little.

It is unlawful to carry a load which extends out beyond the fender line on the driver's side. I.C. 9–20–3–5. It is unlawful to transport a child under four years of age where there are no seat restraints I.C. 9–19–11–3. The operator of vehicle must exercise proper caution upon observing an

hol-related accidents have been estimated to account for one-half of all highway deaths, and drunken driving has been called "a grave national problem." *See* Hilary Ray Weinert, *Social Hosts and Drunken Drivers: A Duty to Intervene?,* 133 U.Pa.L.Rev. 867, 870 nn. 15–16.

intoxicated person. I.C. 9–21–8–37. It is unlawful to drive faster than is reasonable and prudent under the conditions, having regard to the actual and potential hazards then existing. I.C. 9–21–5–1. These expressions of public policy lend support to the process of understanding this appeal.

It is the relationship existing between parties which may give rise to the duty of one to exercise care for the safety of another. *Neal v. Home Builders, Inc.* (1953), 232 Ind. 160, 111 N.E.2d 280. The open bed of a pickup truck is not designed for passengers and is a dangerous place for them, even where the truck is operated below the maximum speed limit and in accord with the special rules of the road. When the driver of a truck permits any untended child or intoxicated person to ride there, he should be legally responsible for placing such person in a position of peril. *See Senese v. Peoples*, 626 F.Supp. 465 (M.D.Pa.1985). When such driver permits a normal adult to ride there without making the peril known to such adult, he should likewise be legally responsible. *Johnson v. Pedicord* (1937), 105 Ind.App. 71, 10 N.E.2d 295. I agree with the Fourth District in this case that it was a jury question whether Ledbetter breached his duty to use reasonable care for the safety of Miller when, after learning Miller was sitting on the side of the truck, Ledbetter simply rolled on down the road, taking no action to diminish the danger to Miller.