Patrick W. **BAXTER**, Appellant–
Plaintiff Below,

v.

Donald **GALLIGHER**, and Patricia
Galligher, Appellees–Defendants
Below.

No. 17A03–9203–CV–89.

Court of Appeals of Indiana,
Third District.

Dec. 22, 1992.

Charles G. Reeder, Holland & Holland, Indianapolis, for appellant.

John A. Perrin, Jon R. Pactor, Indianapolis, for appellees.

STATON, Judge.

Patrick Baxter was injured during a birthday party at the residence of Donald and Patricia Galligher. Baxter brought suit against the Gallighers and two party guests; the Gallighers were granted summary judgment. On appeal, Baxter presents the sole issue of whether the trial court should have granted his motion to correct error following a post-summary judgment change in premises liability law.

We affirm.

On August 1, 1988, Baxter filed a complaint which alleged that Todd Walters and Steve Parrish, under the influence of alcoholic beverages supplied by the Gallighers, negligently injured Baxter's eye on August 2, 1986. Affidavits of the parties disclosed uncontroverted facts: Parrish used a cigarette lighter to ignite the fringe on Walters' shorts; Walters retaliated by throwing a set of keys at Parrish, striking Baxter's eye. These events took place in the Gallighers' driveway.

On July 27, 1990, the trial court concluded that the Gallighers were entitled to judgment on alternate grounds:

"In reviewing all of the affidavits and the deposition of Plaintiff Baxter, the Court finds no evidence in the record that Co–Defendants Parrish or Walters (or anyone else for that matter) were visibly or otherwise intoxicated. The only allegation which the Court has seen is Baxter's description that Walters 'acted like he was having a pretty good time, though.' (Baxter deposition, page 15.) In the face of Donald Galligher's and Patricia Galligher's affidavits that they had no actual knowledge of any evidence of intoxication, which is undisputed in the record, the Court finds that there is no evidence submitted that any of the Gallighers had such actual knowledge that any of the partygoers were visibly intoxicated at the time the alcoholic beverage was furnished.

It is also clear that Gallighers were social hosts and Plaintiff Baxter was a mere licensee.

. . . . .

The Court therefore concludes that there is no genuine issue of any material fact, considering the evidence in the light most favorable to the Plaintiff, as to the liability of the Defendants Galligher. First, even if they were negligent, that is not a basis of liability. Second, there is no evidence of their violation of a statutory duty. Under all cases cited by the parties on this issue, there can therefore be no liability for the mere negligence of a social host toward his guests. And, in light of the new statute, I.C. 7.1–5–10–15.5, there is a pre-emption of any common law dram shop liability where there is no actual knowledge of intoxication."

Record, pp. 221–23.[1]

On October 25, 1991, Baxter filed a motion to correct errors, challenging the summary judgment in favor of the Gallighers in reliance upon *Burrell v. Meads* (1991), Ind., 569 N.E.2d 637, *reh. denied*.[2] On

---

1. The court denied the summary judgment motions of Parrish and Walters. On September 30, 1991, the cause of action against Parrish and Walters was dismissed by stipulation. Record, pp. 235–36.

2. Baxter's October 25, 1991 motion challenging the entry of summary judgment on July 27, 1990 was timely filed pursuant to Ind.Trial Rule 54(B) which provides in pertinent part: "A judgment as to one or more but fewer than all of the

December 5, 1991, Baxter's motion to correct errors was denied:

"The Plaintiff's Motion seeks to reinstate the case against the Defendants, Donald Galligher, Patricia Galligher and Daniel Galligher by relying upon *Burrell v. Meads*, 569 NE2d 637 (Ind.1991). *Burrell* changed the law in Indiana regarding the duty owed to social guests by their hosts. Previously, Indiana law treated social guests as mere 'licensees' with the landowner only required to refrain from willfully or wantonly injuring the licensee or acting in a manner to increase his peril. The new standard is to treat social guests as 'invitees', which imposes a duty upon a landowner to exercise reasonable care for the invitee's protection while he is on the landowner's premises.

This Court's original decision granting summary judgment in favor of the Gallighers was based on two grounds. First, as a mere licensee, a complaint for negligence does not state a valid claim for relief. Second, the Indiana dram shop liability statute, Indiana Code 7.1-5-10-15.5, shields a person who furnishes an alcoholic beverage from liability in a civil action for damages caused by the impairment of the person who was furnished the alcoholic beverage. This Court found that there was no evidence or allegation in the pleadings at the time of the Motion For Summary Judgment which would defeat this immunity.

But for the cited section of the Indiana Code, this Court would be constrained to grant the Motion To Correct Errors and reinstitute suit against the Gallighers. Our Supreme Court's reversal of century-old precedent in *Burrell, supra,* would have dictated such a result.

However, the legislature has dictated a different result in cases of negligence arising from the provision of alcoholic beverages. It is important to note that the Plaintiff's Complaint against the Gallighers mentions only the provision of alcoholic beverages as a possible ground for negligence. Additionally, in the Plaintiff's 'Response to Motions For Summary Judgment' filed July 9, 1990, the Plaintiff argues only that the Gallighers should be liable for having furnished intoxicating beverages to the party-goers. There was no evidence that the Gallighers were aware of any intoxicated persons at the party. Therefore, the Gallighers are afforded statutory protection from such liability. There is no other factual allegation in the record to date that Gallighers were guilty of any other kind of negligence. Thus, this Court finds that this case is not controlled by *Burrell.*"

Record, pp. 253–54.

Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). The burden is on the moving party to prove there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. Once the movant has sustained this burden, the opponent must respond by setting forth specific facts showing a genuine issue for trial; he may not simply rest on the allegations of his pleadings. T.R. 56(E); *Stephenson v. Ledbetter* (1992), Ind., 596 N.E.2d 1369, 1371. A fact is material if its existence facilitates the resolution of an issue involved. *Anderson v. State Farm Mutual Automobile Ins. Co.* (1984), Ind. App., 471 N.E.2d 1170, 1172. When reviewing a summary judgment, we construe all evidence in favor of the nonmovant and resolve any doubt as to the existence of a

claims or parties is final when the court in writing expressly determines that there is no just reason for delay, and in writing expressly directs entry of judgment, and an appeal may be taken upon this or other issues resolved by the judgment; but in other cases a judgment, decision or order as to less than all the claims and parties is not final." The summary judgment was unaccompanied by the court's written determination as required by T.R. 54(B) for finality before disposition of the entire action. Baxter's claims against Parrish and Walker were dismissed by stipulation on September 25, 1991.

genuine issue against the proponent of the motion. *Bailey v. Martz* (1986), Ind.App., 488 N.E.2d 716, 719, *trans. denied.*

As a general rule, a landowner may be liable for harm proximately caused by his failure to exercise reasonable care for the protection of his social guests. *Burrell, supra.* However, our legislature has set forth a specific standard of liability applicable when a person (including a social guest) is furnished alcoholic beverages. IND.CODE 7.1–5–10–15.5(b) provides:

"A person who furnishes an alcoholic beverage to a person is not liable in a civil action for damages caused by the impairment or intoxication of the person who was furnished the alcoholic beverage unless: (1) the person furnishing the alcoholic beverage had actual knowledge that the person to whom the alcoholic beverage was furnished was visibly intoxicated at the time the alcoholic beverage was furnished; and (2) the intoxication of the person to whom the alcoholic beverage was furnished was a proximate cause of the death, injury, or damage alleged in the complaint."

The complaint and affidavits herein disclose no allegation that the Gallighers furnished an alcoholic beverage to Walker or Parrish with actual knowledge of the recipient's visible intoxication. Moreover, Baxter has not alleged that either Walker or Parrish was visibly intoxicated when engaging in the horseplay that ultimately caused Baxter's injury. There exists no material issue of fact, i.e., one which is dispositive of the litigation. Pursuant to I.C. 7.1–5–10–15.5(b), the Gallighers demonstrated their entitlement to judgment as a matter of law.

Baxter also advances a cursory argument that the Gallighers failed to adequately control the conduct of their guests during the birthday party. The law will recognize a duty on the part of a landowner to protect social invitees against an *unreasonable* risk of foreseeable physical harm from third persons. *Kinsey v. Bray* (1992), Ind.App., 596 N.E.2d 938, 941, *reh. denied* (emphasis added). Here, the record contains no allegation or evidence that the Gallighers were aware of their guests' horseplay in the driveway. Nor did Baxter allege that the Gallighers had an opportunity to intervene during the (approximately) 30 second exchange between Walters and Parrish. The uncontroverted facts of the instant case clearly distinguish it from the circumstances in *Kinsey*, where a social host was alleged to have knowingly brought together a person threatening physical violence and a foreseeable victim (the object of such threats).

The trial court properly denied Baxter's motion to correct errors and refused to set aside the summary judgment in favor of the Gallighers.

Affirmed.

HOFFMAN and BAKER, JJ., concur.