Jeri A. MULLIN, Individually,

and

Jeri A. Mullin, As Custodial Parent of
Minor Child Kathleen Mullin,

and

Jeri A. Mullin, as Custodial Parent of
Deceased Minor Child Shawn Mullin,
Appellants–Plaintiffs Below,

v.

The MUNICIPAL CITY OF SOUTH
BEND, Its Agents and Employees,
Appellees–Defendants Below.

No. 71A03–9210–CV–350.

Court of Appeals of Indiana,
Third District.

Aug. 3, 1993.

Rehearing Denied Sept. 23, 1993.

Robert D. Lee and William T. Webb,
Hardig, Lee & Groves, South Bend, for
appellants-plaintiffs.

Robert C. Rosenfeld, South Bend, for
appellees-defendants.

STATON, Judge.

Jeri Mullin appeals the trial court's grant
of summary judgment in favor of the city
of South Bend, Indiana ("city") in Mullin's
negligence action. Although Mullin raises
three issues for our review, the following,
restated issue is dispositive: whether the
trial court erred in granting summary judg-
ment in favor of the city based upon a lack
of a special duty or relationship with Mullin
and her children.

We affirm.

On June 24, 1984, the following interof-
fice memorandum was posted in the emer-
gency dispatchers' break-room at the South
Bend Police Department:

On Friday 6/21/84 the Communications
Supervisors and the Fire Dept. Chiefs
met to discuss the Status of the Fire
Dispatch. This meeting was very pro-
ductive and out of it came several sug-
gestions that we need to impliment [sic]
in order that we can better searve [sic]
the public interest and insure that we are
doing what is desired in the area of Fire
Dispatch; Following are the changes and
or additions effective with this
Memo.... MEDICS will be dispatched
to all calls involving HIGH RISES,
NURSING HOMES, RIVER RUNS,
SHOPPING MALLS upon reiept [sic] of
a Fire Call or Fire Alarm. In addition
the MEDIC will be dispatched to ALL
FIRE CALLS WERE [sic] SOMEONE IS
THOUGHT TO BE INSIDE. *IF
UNK[NOWN] THEN DO NOT SEND
THE MEDICS....*

Record, p. 46 (emphasis provided).

At 5:27 a.m. on November 5, 1985, Mul-
lin's neighbor placed a 911 emergency tele-
phone call to report a fire at Mullin's
house. The neighbor informed the dis-
patcher of both the address where the fire
was located and the names of the residents.
When Dispatcher Gibbons asked whether
anyone was inside the house, the neighbor
responded, "I think so." Record, p. 59.
Five fire units were dispatched to Mullin's
home at 5:29 a.m. At 5:30 a.m., Dispatcher
Gibbons called the neighbor back and asked
whether the residents were still inside Mul-
lin's house. Again, the neighbor replied, "I
think so." Record, p. 59. A paramedic
telephoned Fire Dispatcher Landry at 5:32

a.m. to inquire whether a paramedic unit should be dispatched to Mullin's house. The fire dispatcher responded that it was unknown whether a paramedic unit was required and that as soon as it was determined, a unit would be notified. Six minutes later, one of the fire units at the scene called for a paramedic unit. The unit arrived at Mullin's house at 5:44 a.m.

Mullin's son and daughter were in the house at the time of the fire. Her son died as a result of smoke inhalation and her daughter suffered serious injuries and remains in a coma. Mullin instituted this suit against the city, alleging negligence in managing its 911 emergency system and in failing to dispatch paramedics to an occupied house fire. The trial court granted the city's motion for summary judgment, finding as a matter of law that the city owed no special duty to Mullin or her children. The trial court did not decide the issue of whether the city is immune from liability under the Indiana Tort Claims Act.[1]

Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). The burden is on the moving party to prove there are no genuine issues of material fact and he is entitled to judgment as a matter of law. Once the movant has sustained this burden, the opponent must respond by setting forth specific facts showing a genuine issue for trial; he may not simply rest on the allegations of his pleadings. *Stephenson v. Ledbetter* (1992), Ind., 596 N.E.2d 1369, 1371. At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. T.R. 56(C).

When reviewing an entry of summary judgment, we stand in the shoes of the trial court. We do not weigh the evidence but will consider the facts in the light most favorable to the nonmoving party. *Collins v. Covenant Mut. Ins. Co.* (1992), Ind.App.,

604 N.E.2d 1190, 1194. We may sustain a summary judgment upon any theory supported by the designated materials. T.R. 56(C).

Even if a governmental entity is found not to be immune under the Indiana Tort Claims Act, it will not be liable unless it is found to have breached a duty owed to a private individual. *Greathouse v. Armstrong*, (1993), Ind., 616 N.E.2d 364. "Liability to an individual for damages will not lie when the government entity owed a duty to the public as a whole, unless the plaintiff can show a special duty or relationship which would entitle one to recovery." *Id.* at 368.

Mullin contends that summary judgment is improper because whether a duty is special or general is a question of fact that should be left for the jury to decide. However, in *Greathouse*, our supreme court affirmed the summary judgment entered in favor of the Sheriff's Department and County where there was no evidence in the record giving rise to a special, individualized duty to the deceased. *Id.* Here, in its conclusions of law, the trial court stated that the city prevailed because the city owed no special duty of care to Mullin and her children. Reviewing the evidence most favorable to Mullin, we must agree with the trial court's conclusion. Contrary to the assertions made by Mullin, the fact that the dispatcher was informed of the address at which the fire was located, and the names of the residents therein, does not establish a special, individualized relationship entitling Mullin to recovery.

Because we conclude that the city owed no special duty to Mullin or her children, it is not necessary to discuss immunity under the Indiana Tort Claims Act. The summary judgment entered in favor of the city was proper.

Affirmed.

HOFFMAN and GARRARD, JJ., concur.

---

1. IND.CODE 34–4–16.5–1 et seq. (1988).