**Martha POIRIER, Administratrix of the Estate of David Poirier, deceased, and widow in her own right, Appellant–Plaintiff,**

v.

**A.P. GREEN SERVICES, INC., ACandS, Inc., Chicago Firebrick, Inc., Corhart Refractories, Flintkote Co., Kaiser Aluminum & Chemical, North American Refractories, Plibrico Sales & Svcs., Appellees–Defendants.**

No. 45A03–9910–CV–388.

Court of Appeals of Indiana.

Aug. 31, 2001.

Robert E. Paul, Paul, Reich & Myers, P.C., Philadelphia, PA, Willie Harris, Willie Harris & Associates, Gary, IN, Attorneys for Appellant.

Cornelius J. Harrington, Johnson & Bell, Ltd., Chicago, IL, Attorney for A.P. Green Services, Inc.

Susan E. Mehringer, Lisa M. Dillman, Lewis & Wagner, Indianapolis, IN, Attorneys for ACandS, Inc. and North American Refractories.

Bruce L. Kamplain, Norris, Choplin & Schroeder, Indianapolis, IN, Attorney for Chicago Firebrick.

Edward F. Harney, Hume Smith Geddes Green & Simmons, Indianapolis, IN, Attorney for Corhart Refractories.

David W. Pera, Robert E. Allen, Buoscio, Pera, Kramer & Nowak, Merrillville, IN, Attorney for Kaiser Aluminum & Chemical.

Jason L. Kennedy, Segal, McCambridge, Singer & Mahoney, Chicago, IL, Attorney for Plibrico Sales & Svc.

W. Russell Sipes, Laudig Geoge Rutherford & Sipes, Indianapolis, IN, Attorney for Amicus Curiae Indiana Trial Lawyers Association.

Jon Williams, Indianapolis, IN, Attorney for Amici Curiae Asbestos Corporation Limited and Bell Asbestos Mines, Ltd.

## OPINION

MATTINGLY–MAY, Judge.

Martha Poirier, as widow of David Poirier and executrix of his estate, appeals the Lake County Superior Court's grant of summary judgment for multiple defendants in her action for loss of consortium and the wrongful death of her husband.[1]

Poirier raises three issues on appeal, which we consolidate and restate as:

I. Whether Ind.Code § 34–20–3–2, which permits asbestos-related causes of action to be filed within two years of the date they accrue without regard to the ten-year products liability statute of repose contained in Ind.Code § 34–20–3–1, applies to Poirier's claims against the defendants herein;[2] and

---

1. We heard oral argument in this case and two companion cases, which were consolidated solely for purposes of the oral argument, on January 31, 2001.

2. Because we find Ind.Code § 34–20–3–2 applies to Poirier's claim, we do not address her alternative assertions that the trial court's interpretation of the ten-year products liability

II. Whether the trial court properly granted summary judgment for four of the defendants based on lack of product identification evidence.

We affirm in part, reverse in part, and remand.

## FACTS AND PROCEDURAL HISTORY

David Poirier was employed as a laborer for various construction companies. He was exposed at jobsites between 1945 and 1987 to asbestos fiber and dust. As a result of his exposure to asbestos, Poirier developed lung cancer, which caused his death on December 4, 1995.

On March 29, 1996, Poirier filed an action for wrongful death and loss of consortium against ACandS, Inc., A.P. Green Services, Inc., Chicago Firebrick, Inc., Corhart Refractories, Flintkote Co., Kaiser Aluminum & Chemical, North American Refractories, and Plibrico Sales & Service. Each of these defendants moved for summary judgment. All of the motions, with the exception of that of A.P. Green, were granted.[3]

## STANDARD OF REVIEW

Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The burden is on the moving

party to prove there are no genuine issues of material fact and it is entitled to judgment as a matter of law. Once the movant has met this burden, the opponent must respond by setting forth specific facts showing a genuine issue for trial; he may not simply rest on the allegations of his pleadings. *Stephenson v. Ledbetter*, 596 N.E.2d 1369, 1371 (Ind.1992). At the time of filing the motion or response, a party must designate to the court all parts of the pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. T.R. 56(C).

■ When reviewing an entry of summary judgment, we stand in the shoes of the trial court. We do not weigh the evidence but will consider the facts in the light most favorable to the non-moving party. *Reed v. Luzny*, 627 N.E.2d 1362, 1363 (Ind.Ct.App.1994). We may sustain a summary judgment upon any theory supported by the designated materials. T.R. 56(C).

## DISCUSSION AND DECISION

I. *Application of Ind.Code § 34–20–3–2*

The causes of action before us for wrongful death and loss of consortium were filed within two years of David Poirier's death. However, his death occurred

statute of repose violates the Indiana Constitution. *See Martin v. Richey*, 711 N.E.2d 1273, 1285 n. 2 (Ind.1999) (Sullivan, J., concurring) (if reviewing court may resolve a case on non-constitutional grounds, it will not proceed to resolve the constitutional issues presented).

3. The summary judgments for Chicago Firebrick, Corhart Refractories, and Flintkote were granted on the sole ground that Poirier's claims were filed outside of the ten-year products liability statute of repose codified at Ind. Code § 34–20–3–1. Flintkote settled subsequent to the issuance of the summary judg-

ment order and did not submit a brief on this appeal. The court granted the summary judgment motions of Kaiser Aluminum, Plibrico, ACandS, and North American Refractories on the grounds that Poirier's action was barred by the statute of repose and that Poirier had not demonstrated her husband had been exposed to asbestos provided by those defendants.

A.P. Green's summary judgment motion was denied, and A.P. Green did not appeal that order. However, A.P. Green is listed as one of the appellees on the caption of most of the documents associated with this appeal.

more than ten years after the defendants' last deliveries of asbestos-containing products to the sites where David Poirier might have been exposed to them. In granting summary judgment in favor of the defendants, the trial court found that Poirier's claims were barred by the ten-year product liability statute of repose, Ind.Code § 34–20–3–1, because the defendants were not both miners and sellers of commercial asbestos.

Ind.Code § 34–20–3–1 provides:

[A] product liability action must be commenced:

(1) within two (2) years after the cause of action accrues; or

(2) within ten (10) years after the delivery of the product to the initial user or consumer.

However, if the cause of action accrues at least eight (8) years but less than ten (10) years after that initial delivery, the action may be commenced at any time within two (2) years after the cause of action accrues.

Ind.Code § 34–20–3–2 excepts certain asbestos-related actions from section one's ten-year statute of repose. This section defines accrual as the date when the injured person knows that he or she has an asbestos-related disease or injury. Specifically, § 34–20–3–2 provides that a product liability action based on personal injury, disability, disease, or death resulting from exposure to asbestos must be commenced within two years after the injured person knows that he or she has an asbestos related disease, without regard to the ten-year statute of repose. Under this section,

(d) This ... [exception] ... applies only to product liability actions against:

(1) *persons who mined and sold* commercial asbestos; and

(2) funds that have, as a result of bankruptcy proceedings or to avoid bankruptcy proceedings, been created for the payment of asbestos related disease claims or asbestos related property damage claims.

Ind.Code § 34–20–3–2(d) (emphasis supplied).

We recently determined in *Black v. ACandS, Inc.*, 752 N.E.2d 148 (Ind.Ct.App. 2001) that the exception applies not only to persons who mine commercial asbestos, but also to persons who sell, but do not mine, commercial asbestos. Therefore, summary judgment for the defendants on the ground that none of the defendants both mined and sold commercial asbestos was improper. We accordingly reverse the trial court's grant of summary judgment in favor of all defendants to the extent the judgments were premised on the application of the statute of repose and on the trial court's determination that the exception in Ind.Code § 34–20–3–2 did not apply.

## II. *Evidence of Product Identification*

■■■■ In its grant of summary judgment for four defendants—North American Refractories, ACandS, Kaiser, and Plibrico—the trial court also addressed whether Poirier had come forth with evidence sufficient to support an inference that her husband had been exposed to asbestos fiber or dust from a defendant's product. To avoid summary judgment, a plaintiff must produce evidence sufficient to support an inference that he inhaled asbestos dust from the defendant's product. *Peerman v. Georgia–Pacific Corp.*, 35 F.3d 284, 287 (7th Cir.1994) (applying Indiana law).[4] Poirier's product identifica-

---

4. The *Peerman* court noted that neither this court nor our supreme court had enumerated a test for causation in asbestos cases. 35 F.3d at 286. In *Owens Corning Fiberglas Corp. v. Cobb*, 714 N.E.2d 295, 303 (Ind.Ct. App.1999), we found the trial court erred in denying Owens Corning's motion for sum-

tion evidence with regard to these four defendants was at best conjectural and insufficient to support the inference the decedent inhaled dust from any of the four defendants' products, and we therefore cannot say the trial court erred in granting summary judgment for these defendants on that basis.

### 1. *North American Refractories*

■ The trial court noted Poirier's claim that her husband had been exposed to North American's asbestos products while he was employed at Bethlehem Steel until some time in the 1970s, but it found that Poirier had "offered no evidence that North American was engaged in activity at the Bethlehem Steel plant which might give rise to liability for negligence. Plaintiff has failed to identify a question of fact as to that matter." (R. at 1197.)[5]

Poirier asserts in her brief that "[t]he evidence offered against North American Refractories showed the sale of thousands of bags of asbestos cement for the construction of the coke ovens at Bethlehem Steel plant where the testimony was that Decedent worked." (Br. of Appellant, Martha Poirier at 25.) Poirier directs us to page 889 of the record as support for

that assertion. That page includes no "evidence" against North American; rather, it is part of Poirier's counsel's memorandum in opposition to North American's summary judgment motion. It is axiomatic that the arguments of counsel are not evidence. *Wilkerson v. State*, 728 N.E.2d 239, 244 (Ind.Ct.App.2000). As Poirier directs us to no evidence that her husband was exposed to asbestos supplied by North American, we cannot say the trial court's grant of North American's summary judgment motion was error.

### 2. *ACandS*

■ Poirier offers as evidence that the decedent was exposed to ACandS asbestos products "the deposition of its employee Liddell, who testified to many asbestos installation projects by AC & S at steel plants, including the one where decedent worked." (Br. of Appellant, Martha Poirier at 25.) Our review of the pages of the record to which Poirier refers us reveals no testimony to that effect, and we admonish Poirier's counsel to refrain from such misstatements and mischaracterizations of the record before this or any other court. That section of the record does include, in addition to testimony by Liddell, invoices

mary judgment when Cobb had offered no "concrete facts" from which the trial court could conclude that he had been exposed to asbestos fibers from an Owens Corning product. Rather, we found Cobb's claim "was based solely on conjecture." *Id.* Cobb's evidence was that the Owens Corning asbestos-containing product was used as a pipe covering; that the product was present at a job site where Cobb had worked; that Cobb had removed pipe covering; but that the pipe covering he removed did not have a brand name on it and that another manufacturer's product was also used as pipe covering at the same site. We found only the *"possibility"* that the product was installed or removed while Cobb was at the job site, and we noted that to conclude the asbestos fibers were actually released into the air and inhaled by Cobb "would require an even more tenuous reli-

ance on mere inferences, not facts." *Id.* at 302 (emphasis in original). Our supreme court has granted transfer, 735 N.E.2d 219 (2000) and the *Cobb* decision has therefore been vacated. Ind. Appellate Rule 11(B).

**5.** In her complaint, Poirier alleged North American "sold ... asbestos-containing products to which Plaintiff was exposed." (R. at 12.) In her memorandum in support of her answer to North American's summary judgment motion, Poirier appears to assert for the first time that North American was not covered by the Product Liability Act "because defendant is a service provider, not a supplier of products." (R. at 889.) Because we find Poirier has not set forth specific facts showing a genuine issue for trial on either ground, we find summary judgment for North American was proper.

indicating ACandS performed some maintenance work in 1968, 1969, and 1970 at certain U.S. Steel facilities in Gary; however, Poirier offers no evidence that the decedent might have been in the vicinity of any of that work or exposed to asbestos fibers or dust as a result. We therefore cannot say the trial court erred to the extent it granted summary judgment to ACandS based on a lack of product identification evidence.

### 3. *Plibrico*

 Poirier asserts Plibrico's products or services "resulted in the decedent being exposed to asbestos fibers in asbestos in the his [sic] workplace," (Br. of Appellant, Martha Poirier at 26), but she cites only to evidence that "Plibrico was an installer of asbestos products[6] in industry in several states, including Indiana." (*Id.*) This evidence permits at best only speculation that the activities of Plibrico might have exposed Poirier's husband to asbestos products Plibrico installed; accordingly, we cannot say the trial court erred in granting summary judgment for Plibrico based on an absence of product identification evidence.

### 4. *Kaiser*[7]

 Poirier asserts "the evidence offered against Kaiser showed that Kaiser not only sold asbestos-containing products, but also assisted in the application of those products." (Br. of Appellant, Martha Poirier at 26.) She refers us to a portion of the record containing counsel's memorandum, which, as explained above, we decline to accept as "evidence," along with the Kaiser marketing document referred to in footnote seven. The trial court noted in its summary judgment order that Poirier had offered no evidence Kaiser was engaged in any such activity at any location where the decedent worked. Because we find Poirier has not set forth specific facts showing a genuine issue for trial on the ground Kaiser was either a seller or service provider, we find summary judgment for Kaiser was proper.

### CONCLUSION

We reaffirm our holding in *Black* that the exception contained in Ind.Code § 34–20–3–2 to the ten-year product liability statute of repose applies to claims against miners of commercial asbestos and against sellers of commercial asbestos, even if those sellers do not also mine the product. Therefore, Poirier's claims against those defendants who are sellers but not miners of commercial asbestos are not barred by the ten-year statute of repose in Ind.Code § 34–20–3–1, and we accordingly reverse the summary judgments in favor of Chica-

---

**6.** In her memorandum in support of her answer to Plibrico's summary judgment motion, Poirier asserts Plibrico was not covered by the Product Liability Act "because defendant is a service provider, not a supplier of products." (R. at 823.) Because we find Poirier has not set forth specific facts showing a genuine issue for trial on either ground, we find summary judgment for Plibrico was proper.

**7.** Poirier's complaint makes no specific allegations against Kaiser except that it is a California corporation. However, the complaint generally alleges all of the defendants "manufactured, sold, distributed, or otherwise

placed into the stream of commerce" asbestos fiber or products to which the decedent was exposed. (R. at 14.) In her memorandum in support of her answer to Kaiser's summary judgment motion, Poirier appears to assert for the first time that Kaiser was not covered by the Product Liability Act "because defendant is a service provider, not a supplier of products." (R. at 853.) As support, Poirier offers a Kaiser marketing document that mentions nothing about asbestos or any particular workplace, but states generally "Kaiser Refractories engineering and gunning specialists assist in many types of applications." (R. at 855.)

go Firebrick and Corhart Refractories. We affirm the trial court's grant of summary judgment for defendants Kaiser Aluminum, Plibrico, North American Refractories, and ACandS, as Poirier failed to demonstrate a genuine issue of material fact as to whether the decedent was exposed to asbestos manufactured or installed by those defendants.

Affirmed in part, reversed in part, and remanded.

ROBB, J., concurs.

MATHIAS, J., dissents with opinion.

MATHIAS, J., dissenting.

In *Black v. ACandS, Inc.*, 752 N.E.2d at 157 (Ind.Ct.App.2001), I dissented on the basis that Indiana Code section 34–20–3–2(d) unambiguously applies only to those who "mined and sold" commercial asbestos. *Id.* at 159. Moreover, I concluded that neither Indiana Code section 34–20–3–1 nor 34–20–3–2(d) violated certain provisions of the Indiana Constitution. For the same reasons expressed in *Black*, I respectfully dissent in this case and would affirm the trial court's grant of summary judgment.