Larry **MUEX** and Clara Muex,
**Appellant–Plaintiff,**

v.

**HINDEL BOWLING LANES, INC.,
Appellee–Defendant.**

No. 49A02–9111–CV–511.

Court of Appeals of Indiana,
Second District.

July 22, 1992.

Andrew W. Swain, Nathaniel Lee, Watkins & Lee, Indianapolis, for appellant-plaintiff.

Karl L. Mulvaney, David O. Tittle, Phil L. Isenbarger, Nana Quay–Smith, Bingham Summers Welsh & Spilman, Indianapolis, for appellee-defendant.

SHIELDS, Judge.

Larry and Clara Muex appeal the trial court's grant of summary judgment in favor of Hindel Bowling Lanes, Inc.

We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

### ISSUES

1. Whether the trial court erred in determining a disputed issue of material fact does not exist as to whether the Hindel bartender had actual knowledge any patron was intoxicated when she furnished the patron with alcoholic beverages.

2. Whether the trial court erred in determining a disputed issue of material fact does not exist whether Larry's injury was proximately caused by Hindel's negligence.

## FACTS

On Thanksgiving evening, November 24, 1988, Larry and Clara Muex went to Hindel Bowling Lanes at 6833 Massachusetts Avenue in Indianapolis with a large group of family and friends. A Hindel employee assigned lanes three, four, and five to them. Four couples in their mid-twenties to early thirties occupied the two neighboring lanes. Larry noticed three pitchers of beer sitting on the couples' tables, and their loud and obnoxious behavior led him to believe they were intoxicated. Although the level of beer in the pitchers changed throughout the evening, he did not witness any Hindel employee deliver beer to them, nor did he see any member of the young group purchase the beer. The Muexes did not report or complain of the couples' behavior to Hindel.

At some point after the Muex group had bowled their third game, a member of the second group threw a cigarette in the vicinity of lane four. As another member approached the Muex group to apologize, the individual who had thrown his cigarette told his companion not to apologize and threw his beer, splattering those persons standing nearby. A fight ensued during which Larry fell backwards and fractured his hand on the side of a bowling ball rack. Larry could not identify the person who started the fracas, who participated in it, or who pushed him into the rack.

Jeanna Austin was the sole bartender at Hindel that evening. She sold alcoholic beverages to the bowling alley patrons from a window station. In her affidavit, she stated she had no actual knowledge that any person she served that evening was visibly intoxicated, and that she did not see anyone in the bowling alley that evening who appeared intoxicated.

The Muexes filed a complaint for negligence against Hindel. Larry sought damages for lost wages and medical expenses, and Clara sought compensation for loss of

consortium. Hindel filed a motion for summary judgment which the trial court granted.

The Muexes appeal.

## DISCUSSION

On review of the trial court's grant of summary judgment, this court must use the same standard as the trial court and consider the pleadings, depositions, affidavits, and admissions in a light most favorable to the non-moving party. *Gordon v. Chrysler Motor Corp.* (1992), Ind.App., 585 N.E.2d 1362, 1363. Summary judgment is appropriate only if no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *Id.;* Ind.Trial Rule 56(C). If the moving party establishes the lack of any genuine issue of material fact, the burden shifts to the non-movant to show otherwise. *Stephenson v. Ledbetter* (1991), Ind.App., 575 N.E.2d 1035, 1036. A disputed fact is material if the trial court would have to resolve the disputed fact in order to enter judgment. *Id.*

Although generally inappropriate in negligence actions, the defendant may obtain summary judgment by showing "the undisputed material facts negate at least one element of the plaintiff's claim." *Rubin v. Johnson* (1990), Ind.App., 550 N.E.2d 324, 328. When the parties do not disagree about the material facts to the claim, we must determine whether the trial court properly applied the law to those undisputed facts. *Board of Dental Examiners v. Judd* (1990), Ind.App., 554 N.E.2d 829, 830. We will affirm the summary judgment if it is sustainable on any legal theory consistent with the record. *Stephenson,* 575 N.E.2d at 1036.

### I.

The Muexes argue a genuine issue of material fact exists because the bartender's affidavit, in which she claimed no knowledge of inebriated patrons on the night in question, directly conflicts with Larry's deposition testimony that he witnessed the couples' rambunctious behavior and noticed

a continual change in the level of beer in their pitchers throughout the evening.[1]

■ It is unlawful for an individual to furnish an alcoholic beverage to another who is intoxicated if the provider knows of that intoxication. *See* IC 7.1–5–10–15(a) (1988). However, the provider of alcoholic beverages is not liable in a civil action for damages caused by the impairment or inebriation of the person who received that beverage unless: (1) the provider of the alcoholic beverage had actual knowledge that the individual to whom he or she served the beverage was visibly intoxicated at the time of service; and (2) that intoxication was a proximate cause of the alleged death, injury, or damage. IC 7.1–5–10–15.5(b)(1), (2) (1988). The provider's knowledge is judged by a subjective standard, and the trier of fact may make reasonable inferences based on the facts and surrounding circumstances, *Gariup Constr. Co., Inc. v. Foster* (1988), Ind.App., 519 N.E.2d 1224, 1229–30, such as the recipient's behavior at the time, the amount and type of alcoholic beverage served, and the recipient's condition shortly after leaving the provider's establishment. *Ashlock v. Norris* (1985), Ind.App., 475 N.E.2d 1167, 1170.

In this case, the Muexes rely upon Larry's deposition testimony to support their claim that "sufficient evidence of probative value existed from which a jury would infer that the bowling lane's bartender knew of the patrons' drunkenness." Appellant's Brief at 12. According to the Muexes, construing the facts in their favor, as the non-moving party, the trier of fact could reasonably infer that members of the second group obtained their beer from Austin at the window station and that their behavior manifested their intoxication.

■ It is undisputed that all bowling alley patrons had to obtain beverages at the window station, that no complaints against the second group were brought to the attention of any Hindel employee, and that the only evidence concerning the amount served and consumed by any of the second group's members is Larry's statement that "[he] seen [sic] the beer empty, and then there was some more beer added[,]" Record at 92, and that during the evening, the pitchers were empty "several times." Record at 111. Further, there is no evidence that all members of the second group, or, in the alternative the member or members who acquired the beer at the window, were intoxicated. This undisputed evidence and lack of evidence is insufficient, as a matter of law, reasonably to support the inference Hindel knew that members of the second group were intoxicated.

The trial court properly granted summary judgment on the Muexes' statutory claim.

## II.

The Muexes argue a genuine issue of fact exists as to whether Hindel breached its duty of care by failing to employ adequate security measures to protect its patrons considering the manner in which it dispensed beer. Hindel responds there is no evidence to show Hindel was on notice of the likelihood of harm and thus no evidence it breached its duty of care by not providing security. Hindel further claims there is no evidence Larry's injuries were proximately caused by its negligence.

■ Whether a duty exists is a question of law; breach of that duty is reserved for the trier of fact. *Rubin v. Johnson* (1990), Ind.App., 550 N.E.2d 324, 329–30. Proprietors owe a duty to their business invitees to use reasonable care to protect them from injury caused by other patrons and guests on their premises, including providing adequate staff to police and control disorderly conduct. *Ember v. B.F.D., Inc.* (1986), Ind.App., 490 N.E.2d 764, 769.

---

1. Hindel presents arguments based upon its assertion the trial court granted its motion to strike the Muex's response to Hindel's summary judgment motion in its entirety. In fact, the trial court granted the motion only as to Clara Muex's affidavit. *See* Record at 138.

Hindel also argues the Muexes failed to designate the existence of a genuine issue of material fact relevant to their claim that Hindel maintained inadequate security as required by Ind.Trial Rule 56(H). In fact, a material issue was so designated. *See* Record at 129.

■ This duty is not absolute; the proprietor is not the insurer of the patrons' safety, nor is the proprietor bound to anticipate and take steps to prevent acts of another unless the facts of a particular case make it reasonably foreseeable that those acts may occur. *Welch v. Railroad Crossing, Inc.* (1986), Ind.App., 488 N.E.2d 383, 388. However, if a proprietor has, or should have, reason to know that a patron may become intoxicated and pose a general threat to the safety of other patrons, the proprietor's failure to take reasonable precautions to protect other patrons from harm may constitute a breach of duty. *Bearman v. Univ. of Notre Dame* (1983), Ind.App., 453 N.E.2d 1196 (Whether university, which was aware of consumption of alcoholic beverages during "tailgate" parties held in stadium parking areas before and during football games, breached its duty to person attending game who broke her leg when intoxicated football spectator pushed her to the ground in stadium parking lot, is a question of fact for the jury.). As we stated in *Bearman:*

> Generally, the operator of a place of public entertainment owes a duty to keep the premises safe for its invitees. This duty includes a duty ... to exercise ordinary and reasonable care to protect a patron from injury caused by third persons.... Before liability may be imposed on the invitor (sic), it must have actual or constructive knowledge of the danger.

> The Restatement of Torts (Second) § 344 (1965) sets forth the applicable rule:

> "A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to

> "(a) discover that such acts are being done or are likely to be done, or

> "(b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.

> .    .    .    .    .

> f. Duty to police premises. Since the possessor is not an insurer of the visitor's safety, he is ordinarily under no duty to exercise any care until he knows or has reason to know that the acts of the third person are occurring, or are about to occur ... If the place or character of his business ... is such that he should reasonably anticipate careless or criminal conduct on the part of third persons, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection."

*Id.* at 1198.

■ In *Bearman,* we determined that a university "is aware that alcoholic beverages are consumed on the premises before and during football games." *Id.* Here, too, Hindel must be aware that alcoholic beverages are consumed in its bowling alley because it sells such beverages. In *Bearman* we stated that "even though there was no showing that the University had reason to know of the particular danger posed by the drunk who injured Mrs. Bearman, it had reason to know that some people will become intoxicated and pose a general threat to the safety of other patrons." *Id.* Hindel, too, as the operator of a bowling alley where alcohol beverages are dispensed in a window operation, without means of determining the ultimate consumer or the amount any particular consumer ingests, also has reason to know that some patrons will become intoxicated and pose a general threat to other patrons. *See Picadilly, Inc. v. Colvin* (1988), Ind., 519 N.E.2d 1217, 1220–22 (purveyors of alcoholic beverages have duty to exercise ordinary and reasonable care for safety of others whose injuries should reasonably be foreseen or anticipated; circumstances under which alcoholic beverages dispensed support reasonable inference purveyor aware that its customers become intoxicat-

ed and subject others to danger and probable injury.). Thus, Hindel has the duty to take reasonable precautions to protect those who frequent its establishment from injury caused by the acts of intoxicated third persons.

 Whether Hindel took adequate measures is a question for the jury as is the determination whether, assuming Hindel did not take adequate measures, that failure proximately caused Larry's injury. Hindel's arguments notwithstanding, a question of disputed fact exists whether there is a reasonable connection between Hindel's act or omission and the injury Larry suffered. The trier of fact must determine whether there is a sufficiently close connection between Hindel's conduct and the harm which it originally threatened and the injury that Larry suffered to justify imposing liability, i.e., whether Larry's injury is within the scope of the foreseeable risks of Hindel's negligent conduct.

Finally, Hindel argues the grant of judgment on Clara's claim is appropriate because she stated in her answer to Hindel's interrogatory number 3 that she was not claiming she suffered any injury as a result of the incident described in the complaint. We agree negligence without proximately caused injury is not actionable. However, here, Clara does not seek damages for injury to her person but rather damages for loss of Larry's "societalship, companionship, and economic deprivation." Record at 3. Thus, Clara's cause of action is a derivative action for loss of consortium. This derivative claim is not barred as a matter of law by Clara's answer to interrogatory number 3; the word "injury" as used in interrogatory number 3, in the context of the particular interrogatory and other interrogatories, reasonably could be understood to refer to a physical injury to one's own person as opposed to injury in the sense of any damage. For example, interrogatory number 3 asked Clara to "state in detail the nature of any injury you have suffered as a result of the incident," Record at 48, while interrogatory number 4 asked Clara to provide specifics concerning medical treatment she received

or was receiving as a result of the alleged injuries, interrogatory number 5 asked Clara whether she had suffered any permanent impairment of any of her bodily functions as a result of her alleged injuries, and interrogatory number 9 asked Clara whether she claimed any wage loss, including diminution in earning capacity or future earnings, on a permanent or temporary basis, as a result of injuries received in the incident in question.

The judgment of the trial court is affirmed as to the Muexes' statutory action; the judgment is reversed as to the Muexes claim for common law negligence and that cause is remanded to the trial court for further proceedings.

SULLIVAN and GARRARD, JJ., concurs.