UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 25, 2006[*]
Decided April 28, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 04-3799

| | |
|---|---|
| PETER LEWIS, | Appeal from the United States |
| *Plaintiff-Appellant,* | District Court for the Central |
| | District of Illinois. |
| *v.* | |
| | No. 99 C 1050 |
| ODIE WASHINGTON, et al., | |
| *Defendants-Appellees.* | Harold A. Baker, |
| | *Judge.* |

**O R D E R**

In this successive appeal, Illinois inmate Peter Lewis argues that the district court erred in granting the defendants, officers of the Illinois Department of Corrections, summary judgment on his claim that they conspired to deny him his right of access to the courts. We affirm the judgment of the district court.

---

[*] This successive appeal has been submitted to the panel that decided the original appeal. *See* Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

The factual background of this case was thoroughly described in our earlier opinion in *Lewis v. Washington*, 300 F.3d 829 (7th Cir. 2002), so we will only briefly touch on it here. Lewis filed a complaint under 42 U.S.C. § 1983, alleging that the defendants failed to protect him from an attack by his cellmate and that they conspired to cover up their misconduct by refusing to respond to a number of his grievances and requests. The district court dismissed the case, concluding that Lewis failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(a). We upheld the dismissal of the failure-to-protect claim for lack of exhaustion, but we remanded the conspiracy claim because the district court did not give it distinct consideration in ruling that Lewis failed to exhaust. On remand, the district court found that the conspiracy claim had been exhausted and permitted Lewis to amend his complaint. He then alleged that the goal of the conspiracy was to deny him access to the courts. The district court granted the defendants' motion for summary judgment based on its finding that Lewis failed to state a claim for deprivation of his right of access to the courts.

As a preliminary matter, the district court erred in purporting to make separate dispositions with respect to conspiracy and access to the courts. Lewis appears to have misled the court into thinking that conspiracy is an independent basis of liability under § 1983; it is not. "Section 1983 does not . . . punish conspiracy," *Goldschmidt v. Patchett*, 686 F.2d 582, 585 (7th Cir. 1982); conspiracy in this context is merely a legal mechanism for imposing liability on defendants who did not participate directly in the violation of civil rights, *see Walker v. Thompson*, 288 F.3d 1005, 1008 (7th Cir. 2002). *See also Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000) (holding that "there is no constitutional violation in conspiring to cover-up an action which does not itself violate the Constitution") (internal citation and quotation omitted). Nonetheless, the district court correctly focused on whether the defendants caused Lewis's failure to exhaust. Because they did not, there could be no denial of his right of access to the courts and therefore no basis of liability under § 1983.

We review a grant of summary judgment *de novo*, and we draw all reasonable inferences in favor of the nonmoving party. *Mustafa v. City of Chicago,* 442 F.3d 544, 547 (7th Cir. 2006); *Cont'l Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 732 (7th Cir. 2005). Lewis first argues that the district court failed to draw all appropriate inferences in his favor because it did not credit his assertion that the defendants caused his failure to exhaust. He claimed that the defendants effectively prevented him from appealing the denial of his grievance because they "strung [him] along" until the time for appeal had elapsed; they foresaw and intended that he would wait for a response to his further requests, believing that the decision was not yet final. But the district court is never required to accept *unreasonable* factual inferences, *Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078 (7th Cir. 2005), and no

reasonable factfinder could infer that the defendants proximately caused Lewis's failure to appeal the denial of his grievance simply by failing to respond to additional grievances. *Cf. Alston, Flight Attendants Against UAL Offset v. Comm'r of Internal Revenue*, 165 F.3d 572, 576-77 (7th Cir. 1999) (rejecting claim that IRS's failure to respond caused plaintiff's failure to sue before statute of limitations elapsed).

Lewis next argues that the district court applied an erroneous standard of causation in ruling that the defendants did not cause his failure to exhaust. He asserts that none of our precedents on exhaustion holds that the defendants' actions need be the "sole cause" of the failure to exhaust and invites us to apply principles of comparative fault in order to find the defendants liable for at least a proportional detriment. But he points to no case in which a court has ever assessed comparative fault in deciding a question of exhaustion, and we can find none. Moreover, the idea is incompatible with our precedents holding that there must be a "concrete" or "actual" injury. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996); *Nance v. Vieregge*, 147 F.3d 589, 591 (7th Cir. 1998). These cases show that the defendants' actions must do more than cause the plaintiff to incline in a certain direction. It is also clear that not every attempt at deception in connection with judicial proceedings violates the right of access to the courts. *See Vasquez v. Hernandez*, 60 F.3d 325, 329 (7th Cir. 1995)*; Gibson v. City of Chicago,* 910 F.2d 1510, 1523-24 (7th Cir. 1990). The district court did not misapply the rule of causation.

Because Lewis fails to invalidate the district court's finding that he suffered no violation of his constitutional rights, we need not go on to consider whether his evidence of conspiracy was adequate to survive summary judgment. But we will briefly respond to his contention that the district court erred in granting summary judgment because, in his view, the defendants failed to satisfy their burden of production. Contrary to Lewis's belief, the moving party need not negate his opponent's claims; his burden is satisfied by a showing that his opponent has no evidence to support his case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 979 (7th Cir. 1996); *Bank of Illinois v. Allied Signal Safety Restraint Sys.*, 75 F.3d 1162, 1168 (7th Cir. 1996); *Chicago Florsheim Shoe Store Co. v. Cluett, Peabody & Co.*, 826 F.2d 725, 728 (7th Cir. 1987). In this case, it was enough for the defendants to point out that on the facts as Lewis himself reported them there was no basis for his claim that they caused his failure to exhaust.

The district court properly grants summary judgment where the plaintiff fails to state a claim. *Culver v. McRoberts*, 192 F.3d 1095, 1101 (7th Cir. 1999). Accordingly, we AFFIRM the judgment of the district court.