

ATTORNEY FOR APPELLANTS

Joe Keith Lewis
Marion, Indiana

ATTORNEYS FOR APPELLEE

James J. Shea, Sr.
Timothy W. DeGroote
Andrew S. Williams
Fort Wayne, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

April Goodwin, Tiffany
Randolph, and Javon
Washington,

*Appellants-Plaintiffs,*

v.

Yeakle's Sports Bar and
Grill, Inc.,

*Appellee-Defendant.*

March 25, 2015

Court of Appeals Case No.
27A02-1407-CT-526

Appeal from the Grant Superior
Court

The Honorable Jeffrey D. Todd,
Judge

Cause No. 27D01-1105-CT-400

**Najam, Judge.**

## Statement of the Case

[1]     This case presents yet another opportunity for Indiana's appellate courts to clarify the Indiana test for determining whether a duty exists in a negligence action, an issue that has created confusion at every level of our judiciary. There

are two tests in Indiana. First, if a duty is well-established in our case law, and the case before the court is substantially similar to that case law, then that duty applies. If, on the other hand, the case before the court presents facts and circumstances that have not been addressed in prior decisions of Indiana's appellate courts, then in determining whether a duty exists, we must balance the three factors articulated in *Webb v. Jarvis*, 575 N.E.2d 992, 995 (Ind. 1991), including the reasonable foreseeability of harm to the person injured.

[2] Here, April Goodwin, Tiffany Randolph, and Javon Washington (collectively "the Appellants") filed a complaint against Yeakle's Sports Bar and Grill, Inc. ("the Bar") alleging that the Bar was negligent when it failed to protect them from criminal acts committed by Rodney Carter on the Bar's premises. The Bar moved for summary judgment, and the trial court granted that motion following a hearing. On appeal, the Appellants raise a single issue for our review, namely, whether the trial court erred when it entered summary judgment in favor of the Bar.

[3] The parties dispute whether a duty existed concerning whether the Bar could have reasonably foreseen Carter's criminal acts. But the facts demonstrate that this is a straight-forward premises liability case, and the duty in such cases is well-established in our case law. As such, reasonable foreseeability is not part of the analysis with respect to the Bar's duty. As this was the only argument raised to the trial court and was the basis of the court's entry of summary judgment for the Bar, the trial court's entry of summary judgment was

erroneous as a matter of law. Accordingly, we reverse and remand for further proceedings.

## Facts and Procedural History

[4] During the early morning hours of August 28, 2010, Goodwin, Randolph, and Washington were socializing with friends at Yeakle's, a small bar in Marion. Carter and his wife were also there, and they were positioned near Washington and the others. At some point, Carter thought he heard Washington make a derogatory remark about Carter's wife, and Carter shot Washington.[1] Carter separately, and accidentally, shot Goodwin and Randolph.[2]

[5] The Appellants filed a complaint against the Bar alleging that it

> was negligent in providing a safe place for their patrons to socialize as follows:
>
> a. By negligently failing to provide security for its patrons;
>
> b. By negligently failing to search Rodney Carter for weapons;
>
> c. By otherwise negligently failing to warn plaintiffs that Rodney Carter was armed and dangerous.

Appellants' App. at 15. The Bar filed a motion for summary judgment alleging that Carter's criminal acts were unforeseeable as a matter of law and, therefore, that it did not have a duty to protect the Appellants from being shot. Following

---

[1] Yeakle's prohibited guns on the premises.

[2] All three victims survived their gunshot wounds.

a hearing, the trial court entered summary judgment in favor of the Bar. This appeal ensued.

## Discussion and Decision

The Appellants contend that the trial court erred when it entered summary judgment in favor of the Bar. In particular, the Appellants maintain that Carter's criminal acts were foreseeable and the trial court erred when it concluded that the Bar owed them no duty to protect them from being shot. We hold that the Bar had a duty to protect the Appellants from harm, but we do not address the foreseeability of Carter's criminal acts in resolving this issue. Instead, a determination of whether the shootings were reasonably foreseeable goes to the issue of whether the Bar breached its duty, an issue which was not raised on summary judgment.

Our standard of review is well-settled.

> We review summary judgment de novo, applying the same standard as the trial court: "Drawing all reasonable inferences in favor of . . . the non-moving parties, summary judgment is appropriate 'if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009) (quoting T.R. 56(C)). "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences." *Id.* (internal citations omitted).

The initial burden is on the summary-judgment movant to "demonstrate[] the absence of any genuine issue of fact as to a determinative issue," at which point the burden shifts to the non-movant to "come forward with contrary evidence" showing an issue for the trier of fact. *Id.* at 761-62 (internal quotation marks and substitution omitted). And "[a]lthough the non-moving party has the burden on appeal of persuading us that the grant of summary judgment was erroneous, we carefully assess the trial court's decision to ensure that he was not improperly denied his day in court." *McSwane v. Bloomington Hosp. & Healthcare Sys.*, 916 N.E.2d 906, 909-10 (Ind. 2009) (internal quotation marks omitted).

*Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014) (alterations original to *Hughley*).

[8] We emphasize that summary judgment is a "high bar" for the moving party to clear in Indiana. *Id.* at 1004. "In particular, while federal practice permits the moving party to merely show that the party carrying the burden of proof [at trial] lacks evidence on a necessary element, we impose a more onerous burden: to affirmatively 'negate an opponent's claim.'" *Id.* at 1003 (quoting *Jarboe v. Landmark Comm. Newspapers of Ind., Inc.*, 644 N.E.2d 118, 123 (Ind. 1994)).

[9] The issue of a landowner's duty to protect an invitee from the criminal acts of a third party has been addressed by our courts in numerous significant cases. Our supreme court recently set out the general law underlying the question of duty in negligence actions as follows:

The essential elements for a negligence action are "(1) a duty owed to the plaintiff by the defendant, (2) a breach of the duty, and (3) an injury proximately caused by the breach of duty."

*Pfenning v. Lineman*, 947 N.E.2d 392, 398 (Ind. 2011) (citing *Caesars Riverboat Casino*, *LLC v. Kephart*, 934 N.E.2d 1120, 1123 (Ind. 2010)). Where there is no duty, there can be no breach, and thus the party cannot be found negligent. *Pfenning*, 947 N.E.2d at 398. Whether a duty exists is generally a question of law for the court. *Id.* In making this determination, "a three-part balancing test developed by this Court 'can be a useful tool.'" *Id.* (quoting *Kephart*, 934 N.E.2d at 1123) (citing *N. Ind. Pub. Serv. Co. v. Sharp*, 790 N.E.2d 462, 465 (Ind. 2003)) (referencing the factors enunciated in *Webb*[, 575 N.E.2d 992 at 995]: "(1) the relationship between the parties, (2) the reasonable foreseeability of harm to the person injured, and (3) public policy concerns"). *However, this test is only needed "in those instances where the element of duty has not already been declared or otherwise articulated."* *Sharp*, 790 N.E.2d at 465; *see also Paragon Family Rest. v. Bartolini*, 799 N.E.2d 1048, 1053 (Ind. 2003) ("Where, as in this case, the alleged duty is well-established, there is no need for a new judicial redetermination of duty.").

*Yost v. Wabash College*, 3 N.E.3d 509, 515 (Ind. 2014) (emphasis added). Relevant to the instant appeal, our supreme court has declared that the *Webb* balancing test is unnecessary where a particular duty is well-established. *Id.* But our courts have not consistently followed this rule since *Sharp* and *Bartolini* were handed down in 2003.

[10]     Here, for instance, in concluding that the Bar did not owe a duty to the Appellants to protect them from the shootings, the trial court relied on this court's opinion in *Merchant's National Bank v. Simrell's Sports Bar and Grill, Inc.*, 741 N.E.2d 383 (Ind. Ct. App. 2000), which pre-dated *Sharp* and *Bartolini*. In *Simrell's*, which also involved a shooting at a bar, another panel of this court relied on a trilogy of opinions by our supreme court that had held that the

determination of whether a landowner owes an invitee a duty to take reasonable care to protect the invitee against a third party criminal attack requires consideration of the totality of the circumstances to determine whether the criminal act was reasonably foreseeable. *Id.* at 387 (citing *Delta Tau Delta v. Johnson*, 712 N.E.2d 968, 973 (Ind. 1999); *Vernon v. Kroger Co.*, 712 N.E.2d 976, 979 (Ind.1999); *L.W. v. Western Golf Ass'n*, 712 N.E.2d 983, 984-985 (Ind. 1999)). The *Simrell's* court held that, because the shooting was not reasonably foreseeable, the bar did not owe the plaintiff a duty of care to protect him from being shot.

[11]     However, only four years after the *Delta Tau Delta* trilogy, our supreme court rejected application of the *Webb* balancing test where the existence of a duty is already "well-established." *Bartolini*, 799 N.E.2d at 1053. In *Bartolini*, the plaintiff, who was a patron of the defendant's pub, was assaulted by other patrons in the parking lot. In addressing the issue of whether the defendant owed the plaintiff a duty to protect him from the criminal acts of third parties, our supreme court explained in relevant part as follows:

> Landowners have a duty to take reasonable precautions to protect their invitees from foreseeable criminal attacks. *Delta Tau Delta*[, 712 N.E.2d at 973]. In addition, we have observed that the duty of a business to exercise reasonable care extends to keeping its parking lot safe and providing a safe and suitable means of ingress and egress. *Vernon*[, 712 N.E.2d at 979]. [More recently, in *Sharp*, 790 N.E.2d at 465, we] recognized that *an individualized judicial determination of whether a duty exists in a particular case is not necessary where such a duty is well-settled.* Thus, there is usually no need to redetermine what duty a business

owner owes to its invitees because the law clearly recognizes that "[p]roprietors owe a duty to their business invitees to use reasonable care to protect them from injury caused by other patrons and guests on their premises, including providing adequate staff to police and control disorderly conduct." *Id.*, (quoting *Muex v. Hindel Bowling Lanes, Inc.*, 596 N.E.2d 263, 266 (Ind. Ct. App. 1992)). This duty only extends to harm from the conduct of third persons that, under the facts of a particular case, is reasonably foreseeable to the proprietor.
*Muex*, 596 N.E.2d at 267.

In three cases handed down together four years ago, this Court held that the determination of whether a landowner owed an invitee a duty to take reasonable care to protect the invitee against a third party criminal attack requires consideration of the totality of the circumstances to determine whether the criminal act was reasonably foreseeable. [*Western Golf*, 712 N.E.2d at 984-985]; *Vernon*, 712 N.E.2d at 979; *Delta Tau Delta*, 712 N.E.2d at 973. This analysis includes looking to "all of the circumstances surrounding an event, including the nature, condition, and location of the land, as well as prior similar incidents." *Western Golf*, 712 N.E.2d at 985 (holding incidents of isolated childish pranks and actions in college co-ed living facility, absent evidence of prior violent acts or sexual assaults, do not make rape foreseeable); *Vernon*, 712 N.E.2d at 980 (holding frequent shoplifting and physical confrontations with escaping shoplifters, plus frequent police runs to premises, shows reasonable foreseeability that a shopper might be injured by crime); and *Delta Tau Delta*, 712 N.E.2d at 974 (holding that prior instance and information regarding sexual assaults at fraternity house demonstrated reasonable foreseeability of a sexual assault). While the number, nature, and location of prior similar incidents are substantial factors, "the lack of prior similar incidents will not preclude a claim where the landowner knew or should have known that the criminal act was foreseeable." *Id.* at 973. We emphasized that "when the landowner is in a position to take

reasonable precautions to protect his guest from a foreseeable criminal act, courts should not hesitate to hold that a duty exists." *Id.* at 974.

Upon the question of whether an individualized redetermination of duty is necessary where the general duty is otherwise well-settled, there is thus a procedural inconsistency between *Sharp* and the trilogy of *Western Golf*, *Vernon*, and *Delta Tau Delta*. There is no doubt, however, that reasonable foreseeability is an element of a landowner or business proprietor's duty of reasonable care. *The issue is merely at what point and in what manner to evaluate the evidence regarding foreseeability. We believe that* Sharp *provides the better answer. Where, as in this case, the alleged duty is well-established, there is no need for a new judicial redetermination of duty. The court's function was merely to adequately inform the jury of the applicable duty, and the jury was then to determine whether the Pub breached this duty of reasonable care to protect its invitees from foreseeable criminal attacks.*

*Id.* at 1052-53 (emphases added).

[12] While *Sharp* and *Bartolini* provide clear precedent that the *Webb* balancing test set out in *Delta Tau Delta* does not apply where a duty is well-established, our supreme court revisited this issue in *Kroger v. Plonski*, 930 N.E.2d 1 (Ind. 2010), where the plaintiff was assaulted in a Kroger parking lot. In reversing the grant of summary judgment for Kroger, the court resurrected the pre-*Bartolini* "totality of the circumstances" test of foreseeability in determining whether a duty existed, stating,

[t]he more challenging inquiry is whether in a given case, involving business owners and their invitees, a particular element of duty has been met. This is so because the "duty only extends

to harm from the conduct of third persons that, under the facts of a particular case, is reasonably foreseeable to the proprietor." *Bartolini*, 799 N.E.2d at 1052. Although reasonable foreseeability is ordinarily a question of fact for the jury to decide, *see Humphery v. Duke Energy Ind., Inc.*, 916 N.E.2d 287, 295 (Ind. Ct. App. 2009), in the context of duty—which is a question of law—*see Estate of Heck v. Stoffer*, 786 N.E.2d 265, 268 (Ind. 2003), reasonable foreseeability is determined by the court. It is in this context that the court considers the "totality of the circumstances." *Delta Tau Delta*[, 712 N.E.2d at 972-73]; *Vernon*[, 712 N.E.2d at 979]; [*Western Golf*, 712 N.E.2d at 984-85]. More precisely, the court must examine "all of the circumstances surrounding an event, including the nature, condition, and location of the land, as well as prior similar incidents to determine whether a criminal act was foreseeable." *Delta Tau Delta*, 712 N.E.2d at 972.

*Id.* at 7.

[13] But the court then went on to

emphasize that this examination is *not an inquiry into whether or to what extent a landowner owes a duty to a business invitee*. That issue is settled: "Landowners have a duty to take reasonable precautions to protect their invitees from foreseeable criminal attacks." *Bartolini*, 799 N.E.2d at 1052. Rather, our inquiry is focused on *whether a discreet element of the duty has been satisfied*.

[14] *Id.* (emphases added). Thus, on the one hand, the court declared that Kroger owed its business invitee a general duty of care, as a matter of law. But, on the other hand, the court stated that each case requires an "inquiry" into "whether a discreet element of the duty has been satisfied," and it held that summary judgment was inappropriate because Kroger had failed to demonstrate that

"criminal activity on its premises at the time of the Plonski assault was not foreseeable." *Id.* The court did not explain the apparent incongruity between *Bartolini*, which eschews a foreseeability determination in the context of duty where, as in *Kroger*, the duty is well-established, and its holding that whether a duty exists depends on the foreseeability of the criminal conduct.

[15] Our supreme court most recently addressed this issue in *Yost*. In *Yost*, the plaintiff alleged in relevant part that Wabash College, the owner of a fraternity house, was negligent when it failed to protect Yost from the alleged criminal act of a fraternity member. 3 N.E.3d at 514. The court did not cite to *Kroger*, but, instead, it returned to the *Sharp* and *Bartolini* duty analysis and reiterated that

> [w]hether a duty exists is generally a question of law for the court. *Pfenning*[, 947 N.E.2d at 398]. In making this determination, [the *Webb* balancing test can be a useful tool.] *Id. However, this test is only needed "in those instances where the element of duty has not already been declared or otherwise articulated." Sharp*, 790 N.E.2d at 465; *see also* [*Bartolini*, 799 N.E.2d at 1053]. *With respect to claims of liability against an owner for injuries sustained on the premises, the duties of a landowner are well established. "A landowner owes to an invitee or social guest 'a duty to exercise reasonable care for his protection while he is on the landowner's premises.'" Pfenning*, 947 N.E.2d at 406 (quoting *Burrell v. Meads*, 569 N.E.2d 637, 639 (Ind. 1991)).

*Id.* at 515 (emphases added, some citations and parentheticals omitted). The court then explained that,

> [t]o delineate this duty we have adopted the Restatement (Second) of Torts § 343 (1965): A possessor of land is subject to

liability for physical harm caused to his invitees by a condition on the land if, but only if, he (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger. *Id.* (quoting *Burrell*, 569 N.E.2d at 639-40).

Within the contours of this duty, we have held that landowners "have a duty to take reasonable precautions to prevent foreseeable criminal acts against invitees." [*Western Golf*, 712 N.E.2d at 985]; *see also Delta Tau Delta*[, 712 N.E.2d at 973].

*Yost*, 3 N.E.3d at 515 (emphases added). The court concluded by holding that, because Wabash College, the landlord, did not control the premises where the alleged crime occurred, it did not owe a duty to prevent foreseeable criminal acts against the plaintiff. *Id.* at 516. Thus, in *Yost*, our supreme court followed the rule set out in *Sharp* and *Bartolini* that, where a duty is well-established, a judicial redetermination under the *Webb* duty analysis is unnecessary. *Id.* And while the court in *Yost* cited to *Western Golf* and *Delta Tau Delta*, it did not do so in the context of the *Webb* balancing test.

[16] When supreme court precedent is in apparent conflict, as it is between *Kroger* and *Yost*, we are bound to follow the court's most recent pronouncement on the issue. *Howse v. State*, 672 N.E.2d 441, 444 (Ind. Ct. App. 1996), *trans. denied*. Thus, we follow our supreme court's analysis in *Yost* and hold that the *Webb* balancing test does not apply here, where the duty owed by the Bar to its invitees is well-established. In particular, the Bar owed the Appellants a duty to

take reasonable precautions to protect them from foreseeable criminal attacks, and we need not make an independent judicial determination as to the existence of that duty here. *Yost*, 3 N.E.3d at 515; *Bartolini*, 799 N.E.2d at 1052. Rather, the issue of the foreseeability of whether one patron of a bar would shoot others is more appropriately resolved as a question of fact in the context of the bar's alleged breach of its duty. *See, e.g.*, *Winchell v. Guy*, 857 N.E.2d 1024, 1029 (Ind. Ct. App. 2006) (following *Bartolini*, 799 N.E.2d at 1053-54).

[17] Here, the Bar's sole contention in its summary judgment motion was that it did not owe a duty to protect the Appellants from Carter's criminal acts because they were not reasonably foreseeable. But, as our supreme court has held, reasonable foreseeability does not determine duty where, as here, the duty is well-established. *See Yost*, 3 N.E.3d at 515; *Bartolini*, 799 N.E.2d at 1053; *Sharp*, 790 N.E.2d at 465. The Bar owed the Appellants a duty to protect them from the foreseeable criminal acts of third parties. As such, the Bar cannot satisfy its burden to affirmatively negate the duty element of the Appellants' negligence claims. *See Hughley*, 15 N.E.3d at 1003. Thus, the trial court erred when it entered summary judgment in favor of the Bar, and we reverse and remand for further proceedings.

Reversed and remanded for further proceedings.

Mathias, J., and Bradford, J. concur.